CLD-211                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3665
_____

ROSA J. GONZALEZ,
                                                    Appellant
v.

CITY OF NORWICH CONNECTICUT
_____

On Appeal from the United States District Court
for the District of New Jersey
(D. N.J. No. 3:15-cv-05901)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted for Possible Dismissal for Jurisdictional Defect or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 7, 2016

Before: FISHER, JORDAN and VANASKIE, Circuit Judges

(Filed: April 18, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Pro se appellant Rosa J. Gonzalez appeals the District Court's order dismissing her

complaint for lack of jurisdiction and for failing to state a claim upon which relief could

_____
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

be granted.  Appellee City of Norwich, Connecticut ("the City)" has moved to dismiss the appeal for lack of jurisdiction as untimely and has moved to summarily affirm the District Court's judgment.  We disagree that the appeal is untimely but agree that it presents no substantial question on the merits.  Consequently, we will grant the City's motion to affirm.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Gonzalez brought suit in the United States District Court for the District of New Jersey asserting a claim against the City.  Although the contours of the claim are difficult to discern, the allegations include the statements that the City engaged in an "abuse of power," that the City failed to process payments of some kind in 1995, that Gonzalez was wrongly charged with larceny arising out of an incident working as a translator in court in Norwich, and that Gonzalez was improperly jailed for five days in Connecticut.

The City filed a motion to dismiss the complaint for lack of jurisdiction and for failure to state a claim.  Gonzalez filed a response that did not address the asserted grounds for the City's motion to dismiss.  The District Court thereafter acted on its duty to screen a pro se complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and dismissed the complaint for the failure to articulate a clear basis for subject matter jurisdiction, for the lack of any basis to assert personal jurisdiction over the City, and for the failure to adequately plead any claim upon which it could grant relief.  The District Court issued its dismissal order on August 31, 2015, and Gonzalez filed a notice of appeal on October 28, 2015.  Before us are the City's motion to dismiss the appeal and to affirm the District

2

Court's judgment, Gonzalez's pro se informal brief, and two motions for default that Gonzalez has filed on appeal.

First, we must consider our jurisdiction to hear this appeal. The City argues that the appeal is untimely because Federal Rule of Appellate Procedure 4(a)(1)(A) required Gonzalez to appeal within 30 days of the District Court's order dismissing her complaint. Gonzalez filed her notice of appeal 58 days after the District Court's order. However, the City has apparently disregarded Federal Rule of Civil Procedure 58(a), which requires that District Courts set out their judgments in separate documents. Under circumstances in which the judgment is not set out in a separate document, the time of entry of judgment is deemed to be when 150 days have run from the entry of judgment in the civil docket. Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7).

Here, the District Court issued a single order on August 31, 2015, that dismissed Gonzalez's complaint and explained its reasons for the dismissal. See In re Cendant Corp., 454 F.3d 235, 241 (3d Cir. 2006) ("[A]n order will be treated as a separate document if it meets three criteria: first, the order must be self-contained and separate from the opinion; second, the order must note the relief granted; and third, the order must omit (or substantially omit) the District Court's reasons for disposing of the parties' claims."). Consequently, judgment was deemed entered 150 days later on January 28, 2016. Gonzalez's notice of appeal was therefore timely filed on October 28, 2015.

Although the appeal is timely, there is no substantial question that the District Court was correct to dismiss Gonzalez's complaint for lack of jurisdiction and the failure

to state a claim. The complaint was subject to dismissal "if the pleading [did] not plausibly suggest an entitlement to relief," and our review of that question is plenary. Huertas v. Galaxy Asset Mgmt., 641 F.3d 28, 32 (3d Cir. 2011) (per curiam). We will summarily affirm the District Court's order if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Here, a review of the difficult-to-parse complaint and Gonzalez's other submissions shows that the complaint sets out no basis for jurisdiction in the District Court. Even if the complaint perhaps arguably asserted a civil rights cause of action over which the District Court could have had subject matter jurisdiction in federal court, Gonzalez asserted no basis for personal jurisdiction over the City. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. ____, ____, 131 S. Ct. 2846, 2851 (general jurisdiction requires that defendant corporate entities' "affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."); Walden v. Fiore, 571 U.S. ____, ____, 134 S. Ct. 1115, 1121 (2014) (specific jurisdiction requires that the defendant have sufficient "suit-related conduct" to "create a substantial connection with the forum State."). Here, there is no question, substantial or otherwise, that the City is not "essentially at home" in the District of Jersey, or that none of the City's alleged conduct as set out in the complaint has any connection to New Jersey.

Consequently, we will grant the City's motion to summarily affirm the District Court's order dismissing Gonzalez's complaint. Gonzalez's motions for default are dismissed as moot.

4